# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| AMANDA MARIE HUMES, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 13-2110-JAR-JPO |
| BSE ENTERPRISES, et al, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Amanda Marie Humes brings this action *pro se* and *in forma pauperis* against BSE Enterprises, Brian Evans, and Stacey Evans, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). She claims that she was demoted after she was placed on restricted duty by her physician due to pregnancy complications. According to the Complaint, "the owner of the company" told her he was demoting her because of her pregnancy.

Before the Court are Defendants Brian Evans and Stacey Evans' Motions to Dismiss (Docs. 25, 27). They seek dismissal on the basis that the Complaint fails to state a claim for relief against them because individual employees are not amenable to suit under Title VII. Because Plaintiff proceeds *in forma pauperis*, the Court may dismiss the Complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[1] A complaint must contain "a short

---

[1] 28 U.S.C. § 1915(e)(2)(B).

and plain statement of the claim showing that the pleader is entitled to relief."[2] Under the "plausibility" standard that guides the court, a complaint must contain sufficient factual allegations to give fair notice to defendants of the grounds of the claim against them.[3] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[4]

Although a complaint filed by a *pro se* party proceeding *in forma pauperis* must be given a liberal construction,[5] even under this standard, a court need not accept as true those allegations that are conclusory in nature.[6] A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[7]

The Tenth Circuit has held that "personal capacity suits against individual supervisors are inappropriate under Title VII."[8] "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."[9] To the extent plaintiff is attempting to sue the individually-named defendants in their individual capacity, her claim fails because such a suit is inappropriate under Title VII.

---

[2]Fed. R. Civ. P. 8(a)(2).

[3]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[4]*Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[5]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6]*Erickson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001).

[7]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

[9]*Id.* at 899 (emphasis in original).

Plaintiff does not make any reference to the individual defendants in the Complaint, other than to name them in the caption. Assuming that one of the Evans is the "owner of the company," he or she is not amenable to suit. Title VII defines "employer" as a person engaged in an industry affecting commerce with fifteen or more employees.[10] The Supreme Court has determined that this threshold requirement for application of Title VII is an element of plaintiff's claim for relief.[11] Here, plaintiff has not alleged in her Complaint that either of the named individual defendants constitute an "employer" within the meaning of Title VII. As the owner of BSE Enterprises, they are not the "employer" of plaintiff. Therefore, she has failed to state a claim for relief under Title VII against the Evans defendants.

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[12] Leave need not be granted if amendment would be futile.[13] The Court finds any amendment to the Complaint as to these individual defendants would be futile since they are not subject to suit under Title VII.

**IT IS THEREFORE ORDERED BY THE COURT** that Brian Evans and Stacey Evans' Motions to Dismiss (Docs. 25, 27) are **granted**.

**IT IS SO ORDERED**.

Dated: <u>August 2, 2013</u>

---

[10] 42 U.S.C. § 2000e(b).

[11] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 512 (2006).

[12] *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[13] *See Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010).

3

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE